UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARTA LYALL                                                                                     PLAINTIFF

v.                                                               CIVIL ACTION NO. 3:25-CV-520-JHM

CARNEGIE MELLON UNIVERSITY *et al.*                                           DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Marta Lyall filed the instant *pro se* action. She also filed a motion to proceed *in forma pauperis* (DN 3). Upon review, **IT IS ORDERED** that the motion to proceed *in forma pauperis* (DN 3) is **GRANTED**.

Plaintiff states that she is resident of King County, Washington. She lists the following Defendants: Carnegie Mellon University, a university located in Pennsylvania; John Wilson, identified by Plaintiff as the King County, Washington Assessor; Mitchell Samberg, identified as the owner of Truman Capital and as a resident of New York and Florida; Les S. Zeive, whom Plaintiff states has a "home base (founding office)" in Nevada; Rushmore Loan Management, which Plaintiff states operates out of Texas; and "Doe Defendants 1-10," for whom Plaintiff gives no indication of where they reside.

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

None of the Defendants resides in Kentucky, and none of the events alleged in the action occurred in the Western District of Kentucky. It is evident that these claims, whether they are meritorious or not, could have been brought in a United States district court in the state of Washington. Therefore, the Court finds that the Western District of Kentucky is not the proper venue for this action.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In determining whether a transfer is in the interest of justice, "it appears that . . . one of the key factors considered by the Sixth Circuit is whether the plaintiff's decision to initiate the action in the original district was reasonable." *Sherman v. Biglari*, No. 1:18cv2887, 2020 U.S. Dist. LEXIS 198277, at *11 (N.D. Ohio Oct. 26, 2020) (citing *Stanifer v. Brannan*, 564 F.3d 455, 456 (6th Cir. 2009)).

The complaint consists of 28 pages and 213 pages of exhibits, including a petition Plaintiff attempted to file in the United State Supreme Court on May 2, 2025, making the same claims asserted in this action. The filings are difficult to follow and allege a broad range of legal theories, but Plaintiff appears to allege that Defendants have coordinated to defraud her from proceeds she received from a settlement with Carnegie Mellon University in 2000 and are now defrauding her out of her home in King County, Washington. She alleges civil rights violations and seeks to remove the King County, Washington state-court case to this Court.

In addition to the complaint, Plaintiff filed an "emergency motion for administrative stay, pending outcome of case" (DN 5) on the same date. In that motion, Plaintiff requests this Court to "[i]ssue an immediate administrative stay prohibiting the King County Sheriff's Office from

serving or executing any writ of restitution in the [unlawful detainer] case: (King County Superior Court Case No 24-2-02128-1)"; "[d]irect the King County Superior Court Clerk to refrain from scheduling or docketing further proceedings in the [unlawful detainer] case . . ."; "[p]reserve Plaintiff's possession of the property, thereby protecting her established ownership interest, until the merits this case–including Plaintiff's federal title fraud claims are fully adjudicated on their merits"; as well as other injunctive and declaratory relief.

The Court has reviewed the complaint and the emergency motion and can find no reference to the Commonwealth of Kentucky or any reasonable basis for filing the action in the Western District of Kentucky. Because Plaintiff's decision to initiate the action in this Court was not reasonable, the Court concludes that transferring this action would not be in the interest of justice.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: August 21, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010